STATE OF NEBRASKA, APPELLEE, V. DAVID MEINTS, APPELLANT.

405 N.W.2d 15

Filed May 1, 1987.   No. 86-817.

Frank J. Daley, Jr., of Germer, Murray, Johnson, Daley & Germer, for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Defendant, David Meints, appeals from an order of the district court for Gage County affirming his conviction and sentence in the county court for Gage County on two counts of criminal trespass in violation of Neb. Rev. Stat. § 28-521 (Reissue 1985). For the reasons hereafter stated, we affirm the judgment of the district court.

The record shows that in 1979 Laverne Meints, defendant's father, purchased a tract of land in Gage County. Subsequently, defendant and his father entered into a 5-year lease. Under the terms of the lease, the defendant would receive 60 percent of the crops and pay for 60 percent of the chemicals, fertilizer, and seed. His father would receive the remaining 40 percent of the crops and be responsible for 40 percent of the expenses.

In late 1984, because of default in payments, the original contract sellers instituted foreclosure proceedings against the defendant's father. Also named as a defendant in the action was the Farmers Home Administration (FHA), which held a second mortgage on the property to secure an indebtedness. The land was sold at a sheriff's sale on April 3, 1985, to the FHA. The defendant was present at the judicial sale. Subsequently, on May 3, 1985, the sale was confirmed by the district court for Gage County.

The new owners of the property, FHA, then sought to negotiate a lease with the defendant to farm the land in question. On June 10, 1985, the FHA offered defendant a cash lease for the property for $50 per acre. The defendant declined the offer, saying that he did not have the cash for the lease and that he already had a contract to farm the land under a lease from his father.

Upon the failure to reach an agreement with the defendant and with the purpose of gaining control of the property, the FHA filed an application for a writ of assistance on June 24, 1985. By order of the district court for Gage County dated August 20, 1985, the FHA was granted the writ of assistance. The writ was served on the defendant on September 2, 1985. At the time of the service the deputy sheriff of Gage County advised the defendant that he was not to go onto the property in question and that if he did so he could get into trouble for trespassing.

Subsequently, the sheriff of Gage County received a telephone call from the defendant's father telling the sheriff that the defendant and his father would be harvesting the milo and soybean crops at the property in question on November 19, 1985. On this date, the sheriff went to the property and observed a procession of combines, tractors, and trucks driving onto the property. The sheriff saw the defendant and others harvesting the milo growing on the property. No arrests were made at this time.

The sheriff returned to the property on November 21, 1985, and saw defendant and others harvesting the soybean crop. The sheriff advised the defendant that he was trespassing and was not to be on the property. The defendant replied, "I know. I'm just helping my dad. He's running the show." Again no arrests were made at the location. The sheriff testified that he wanted to avoid a possible dangerous confrontation.

The defendant was subsequently arrested and charged with criminal trespass in connection with the incident occurring on November 19, 1985. The complaint was later amended to include a second count of criminal trespass in connection with the November 21, 1985, incident. The defendant was tried before a jury in the county court for Gage County. Evidence

adduced at trial showed the defendant was present at the judicial sale on April 3, 1985, and had received notice of the May 3, 1985, confirmation of that sale. The evidence showed that the crops being harvested on the dates in question, the milo and soybeans, were planted after this notice of the confirmation of the sale was received by the defendant. The defendant was convicted on both counts and sentenced to 30 days in the county jail on each count, with the sentences to be served concurrently. On appeal to the district court the convictions and sentences were affirmed. From the order of the district court affirming the judgment of the county court, the defendant timely appealed to this court.

The defendant assigns as error the district court's action in affirming the judgment of the county court, in that the county court erred in failing to sustain the defendant's motions to dismiss at the close of the State's case and the close of all the evidence. The defendant further alleges the county court erred in failing to allow the clerk of the district court for Gage County to testify as to certain proceedings occurring in the district court.

Defendant contends that the evidence is insufficient to support findings of guilty, and therefore the county court erred in not sustaining defendant's motions to dismiss, motions which for the purposes of this case will be treated as motions for a directed verdict. We have held that a trial court will be justified in directing a verdict of not guilty only where there is a total failure of competent proof to support a material allegation in the information, or where the testimony is of so weak or doubtful a character that a conviction based thereon could not be sustained. *State v. Donnelson, ante* p. 41, 402 N.W.2d 302 (1987); *State v. Clancy*, 224 Neb. 492, 398 N.W.2d 710 (1987). In determining whether the evidence is sufficient to sustain a conviction in a jury trial, this court does not resolve conflicts of evidence, pass on credibility of witnesses, or evaluate the evidence. Those determinations are within the province of the jury, and its verdict must be sustained if the evidence, when viewed in the light most favorable to the State, is sufficient to support the verdict. *State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986).

The evidence in the instant case is undisputed. The defendant planted the crops on the land in question after the confirmation of the sheriff's sale. There is no dispute as to the fact that defendant was indeed on the property on the dates of November 19 and 21, 1985. The defendant contends that he cannot be liable for criminal trespass, since he believed in good faith that he could reenter the property. The defendant testified that he believed the lease with his father enabled him to farm the land. Defendant's argument is without merit. The record clearly indicates that the defendant was aware of the sheriff's sale, since he personally attended the sale. Defendant acknowledged that he received a letter from the U.S. attorney's office dated May 28, 1985, indicating that the FHA now owned the property and that the defendant did not have a lease with the FHA. Defendant also admitted to having been told not to go onto the property in a proceeding in the Gage County District Court on August 12, 1985, and again in a proceeding in the federal district court. The defendant was served with a writ of assistance issued by the Gage County District Court ousting him from the property. On September 2, 1985, the deputy sheriff told the defendant that he was not to go onto the property in question and to do so might result in the defendant's being in trouble for trespassing. In view of the fact that defendant had repeatedly been told he was not to go onto the property, his "good faith" argument is without merit. The district court did not err in affirming the convictions in view of the ample evidence to sustain the verdicts of the jury in the county court trial.

Defendant also contends the district court erred in affirming the convictions in that the county court erred in failing to allow the clerk of the district court to testify regarding certain proceedings which took place in the district court for Gage County during the original foreclosure of the mortgages on the property in question. The county court sustained the State's objections to the proposed testimony on the grounds that proceedings in another court were irrelevant in defendant's trial for trespassing and that the arguments of counsel in that other case constituted inadmissible hearsay evidence. There was no error in the rulings of the county court. The action of the

district court in affirming the convictions and sentences of the county court was correct and is affirmed.

AFFIRMED.

GRANT, J., not participating.